KEITH H.S. PECK              6825

LEGALACTION ALC
116 Desert Lotus
Irvine, CA 92618
Telephone: (877) 570-7333
Facsimile: (877) 570-1233
E-mail: supervising@advocacy-project.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| In the Matter of C.M., by and through his mother LOVELYN M., <br><br> Plaintiffs, <br><br> vs. <br><br> DEPARTMENT OF EDUCATION, STATE OF HAWAII and CHRISTINE KISHIMOTO, in her official capacity as Superintendent of the State of Hawaii, Department of Education, <br><br> Defendants, | Civ. No. _____ <br><br> **COMPLAINT** |

# **COMPLAINT**

C. M., by and through his mother, LOVELYN M., alleges as follows:

1. This action is a complaint presented pursuant to 20 U.S.C. Section 1415(i)(2).

2. C. M. and LOVELYN M. are persons aggrieved by the Administrative "Findings of Fact, Conclusions of Law, and Decision" dated February 26, 2021 (hereinafter referred to as "**Decision**") rendered in administrative proceedings conducted pursuant to the requirements of 20 U.S.C. Section 1415(f) and Chapter 60 of the Hawaii Administrative Rules ("HAR"). A copy of this **Decision** is attached hereto as Exhibit "A".

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this case under 20 U.S.C. Section 1415(i)(2), and 8-60-70(b), and 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343 (civil rights).

4. Venue is proper in the District of Hawai`i pursuant to 28 U.S.C. §1391(b) because the events giving rise to Plaintiff's claims all occurred in this District.

## THE PARTIES

5. Plaintiff LOVELYN M., is and has been a citizen and resident of the State of Hawaii and the legal parent and Guardian of C. M. at all times pertinent hereto.

6. C. M. currently is and has been eligible under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. Sections 1400, *et. seq.*, and under

Section 504 of the Rehabilitation Act of 1973, 20 U.S.C. Section 794.

7. Defendant DEPARMENT OF EDUCATION, STATE OF HAWAII and CHRISTINE KISHIMOTO, the current Superintendent of the State of Hawai`i, Department of Education, sued in her official capacity, ("**DOE**" or "**Defendant**") is responsible for compliance with the IDEA, 20 U.S.C. Section 1401 *et. seq.* and was the Respondent in the administrative proceedings describes below.

8. **DOE** is the government agency responsible for administration of the public education system and Part B of the IDEA and Section 504, in Hawai`i.

9. **Defendant** has acted and continues to act at all times relevant in their official capacity under color of state law.

## PLAINTIFF'S FACTUAL ALLEGATIONS

10. Plaintiffs are aggrieved by the **Decision** issued on February 26, 2021 in DOESY2021-016 which is a final order within the ambit of 20 U.S.C.§1415(i)(2), and seek the review and reversal of the **Decision** limited to the issue of remedy.

11. The **Decision** is erroneous as to the denial of remedy sought, as a matter of law, and is unsupported by sufficient evidence.

12. The evidence presented at the hearing established, as affirmed by the **Decision**, that C. M. was denied a free appropriate public education.

13. However, the Hearing Officer determined that C. M. was not entitled to the remedy sought at hearing, namely, reimbursement of educational and related expenses privately obtained.

14. Among other errors, the Hearing Officer found that there was insufficient evidence to establish benefits of the private educational and related services conferred to C. M. in order to make a determination that reimbursement of expenses related to obtaining those services was appropriate.

15. Among other errors, the Hearing Officer found that because the private program would only allow C. M. to attend when he was accompanied by an aide, there was insufficient evidence as to whether the private program could meet

Student's needs.

16. Among other errors, the Hearing Officer found that parent's failure to inform the **DOE** that she enrolled C. M. at a private program should prevent, in this case, Plaintiffs' reimbursement of expenditures.

17. The Hearings Officer erroneously found certain factual information relevant to the remedy's analysis: Paragraph 76, 103, 106.

18. Additionally, the Hearing Officer failed to identify the following factual information that should have been considered relevant to the remedy's analysis:

    a. That the Individualized Education Plan offered to Student remained incomplete and/or violative of Student's rights, well-after the administrative complaint was filed, describing the alleged violations of Student's rights and the sought-after remedies.

    b. That the **DOE** had not completed an offer of a free appropriate public education that met Student's needs at the time of the administrative hearing, 6 months after Student was entitled to start at the public school program.

    c. That the requirement by the private program to have Student accompanied by an aide is also required by the **DOE**'s own IEP.

    d. That the **DOE** provided no refutational evidence on the benefits Student received at his private program.

19. The evidence presented at hearing does not support the Hearings Officer's findings of fact, conclusions of law and order as to the remedy.

WHEREFORE, PLAINTIFFS pray that this Court:

    A. Assume jurisdiction over this case;

    B. Receive the records of the administrative proceeding described above;

    C. Accept additional evidence as provided for under relevant statute;

    D. Reverse the Hearing Officers denial of reimbursement for private school and related expenses, in whole or in part;

E.  Order the Defendant to pay attorneys' fees related to claims brought under the IDEA for the administrative proceeding and this complaint under applicable law; and

F.  Grant such other and further relief as this Court deems just and proper.

DATED: Honolulu, Hawai`i, March 26, 2021.

    /s/ Keith H.S. Peck
KEITH H.S. PECK

Attorney for Plaintiffs